# Lyon *v.* McGowan.

## *Ejectment.*

(Decided July 3, 1908. 47 South. 342.)

1. *Adverse Possession; Extent: Separate Parts.*—The rule that where two or more adjacent tracts are conveyed, and the grantor has title to one of them only, actual possession under the deed of one of the tracts will not extend to the other as against the true owner, is not applicable, where the evidence tended to show actual possession of the parcels in dispute as well as the other parcels, under color of title.

2. *Appeal and Error; New Trial; Review.*—Where the motion for new trial is grounded upon the fact that the verdict is contrary to the evidence, and such motion is overruled, the only question presented for review thereon, is whether or not there is a palpable failure of the evidence to support the verdict.

[Lyon v. McGowan.]

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by Emily C. Lyon, against W. T. McGowan and others. Judgment for defendants and plaintiffs appeal. Affirmed.

ERWIN & McALEER, for appellant. When a vendor conveys two tracts of land when he has title to only one of them the subsequent possession by the vendee of the tracts that belonged to the vendor does not disseize the owner of the other tract.—*Henry v. Brown,* 143 Ala. 446; *Woods v. Montevallo C. & T. Co.,* 84 Ala. 565. The record owner is not affected by the fact that his land is included with other land in the deed between strangers followed by adverse occupation of some part of the land other than his.—*Walsh v. Wheelright,* 96 Me. 174. It was only when some part of his land was being adversely occupied that he was put upon inquiry or is affected with notice of recorded conveyances between other persons.—Busw. Adverse Poss. sec. 256; 37 Am. Dec. 190; 2 L. R. A. 277; 23 Cal. 431; 25 Pa. 491. Possession of a part does not give possession of large tracts of uninclosed land.—*Lawrence v. Ala. St. Land Co.,* 41 South. 613. No right springs from mere claim or color of title.—*Parks v. Barnett,* 104 Ala. 443; *Eureka v. Norment,* 104 Ala. 631.

McINTOSH & RICH, for appellee. This is the second report of this case.—41 South. 682. The adverse possession of the Andersons once established is presumed to continue.—*Hughes v. Anderson,* 79 Ala. 215. The only question presented for review is whether or not there is a palpable want of evidence to support the verdict.— *Battle v. Weems,* 44 Ala. 105; *Sherman v. Jackson,* 47 Ala. 239.

[Lyon v. McGowan.]

DENSON, J.—This is a statutory action of ejectment, commenced against the terre-tenant. On motion of Theodore Land Company, a corporation, it was made a party defendant. From verdict and judgment in favor of the defendant, the plaintiff has appealed, and assigns for error the action of the court overruling her motion for a new trial.

The defense made was that of adverse possession under color of title. The proposition of law contended for by the appellant—that where two or more adjacent tracts of land are conveyed, and the grantor has title to only one of them, actual possession under the deed of one of the tracts will not extend to the other, as against the true owner—is not applicable here, for the reason that the evidence tends to show actual possession of the parcels in dispute, as well as of the other parcels conveyed. .

The ground contained in the motion for a new trial, "that the verdict is contrary to the evidence," is the only one we can consider. The question involved is whether or not there is a palpable failure of the evidence to support the verdict. The evidence has been carefully read, and after due consideration we cannot conclude that there is such palpable failure. Consequently the judgment appealed from is affirmed.—*Jones & Co. v. Tucker*, 132 Ala. 315, 31 South. 21.

Affirmed.

TYSON, C. J., and SIMPSON and ANDERSON. JJ., concur.