# Mobile Light & Railway Co. *v.* Davis.

## *Damage for Killing Animals.*

(Decided June 8, 1911.   55 South. 1020.

1. *Appeal and Error; Review; Presumptions.*—On appeal every reasonable presumption is indulged in favor of the correctness of the action of the trial court in refusing to set aside a verdict because contrary to the evidence.

2. *Same.*—On appeal from the refusal to grant a new trial on the ground that the verdict was contrary to the evidence, the only question for review is whether there is a palpable failure of evidence to support the verdict.

3. *Same.*—Where there is conflict in the evidence, it becomes a question for the jury, and their verdict is conclusive.

4. *Same; Harmless Error.*—Where the testimony sought to be elicited was already in evidence without objection, it was harmless error to permit the same testimony to be elicited from other witnesses.

5. *Same; Grounds; Objections; Necessity.*—A party cannot complain of the admission of an answer of a witness where no objection was interposed by him to the question calling for the answer.

6. *Railroads; Injury to Animals; Evidence.*—The evidence in this case stated and examined and held sufficient to require a submission to the jury of the issue of the defendant's negligence.

7. *Evidence; Weight; Parties at Interest.*—The employees of the master who is a party to the action may be said to be interested witnesses, and this is especially true where the action is for the negligence of the employee.

8. *Witnesses; Examination; Responsiveness of Answer.*—Where the action was against a railroad company, the fact that a broken handlebar on a car which had a piece of horse-hide on it, was

[Mobile Light & Railway Co. v. Davis.]

found near the place of the accident, was admissible and it was not error for the court to allow the evidence, to remain with the jury although it was in response to the following questions: Did you see any indication about the horse and track that would indicate how the horse met his death.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by Frank Davis against the Mobile Light & Railway Company, for damages for killing horse. Judgment for plaintiff and defendant appeals. Affirmed.

GREGORY L. & H. T. SMITH, WILLIAM D. CAFFEY, for appellant. The complaint specifies the particular acts of negligence relied on, and the presumption arising from the statute extends only to the particular negligence alleged.—33 Cyc. 1275; 120 Ga. 475. The only question presented then was whether or not defendant had met and overcome the presumption that its servants were negligent as alleged in the complaint.—*Choate v. So. Ry.*, 119 Ala. 611. The statute is in derogation of the common law, and should not be stretched beyond the reasons underlying it.—37 N. W. 731; 7 A. & E. R. R. cases, 585; 32 S. W. 615; 2 S. W. 899; 33 Cyc. 1277; *L. & N. v. Gentry*, 103 Ala. 635; *M. & O. v. Morrow*, 97 S. W. 389. A statute which makes a railroad liable even though it is not negligent is void.—*Zeigler v. S. & N.*, 58 Ala. 595; *M. & C. v. Lyons*, 62 Ala. 485; *N. C. & St. L. v. Hembree*, 85 Ala. 485. On these authorities it is insisted that the defendant overcame the prima facie case made by plaintiff's testimony, and rebutted the legal presumption arising therefrom, and that the trial court erred in declining to grant motion for new trial.

J. B. JENKINS, for appellee. The only question arising on this appeal is whether there was a palpable want of evidence to support the judgment. Every reasonable presumption will be indulged to support the action of

[Mobile Light & Railway Co. v. Davis.]

the trial court in declining to grant a new trial.—*Cobb v. Malone,* 91 Ala. 388; *Mont. T. Co. v. Haygood,* 44 So. 560; *Randle v. B. R. L. & P. Co.,* 48 So.; *A. G. S. v. Burgess,* 114 Ala. 588.

DE GRAFFENRIED, J.—On an appeal from the judgment of a trial court refusing to set aside the verdict of a jury on the ground that it was contrary to the evidence or to the weight of the evidence, every reasonable presumption is indulged in favor of the correctness of the judgment. The trial judge is present during the trial and hears the witnesses, and is therefore in a better position to judge of their credibility, their intelligence, and the weight to be given to their testimony than is an appellate court, which must get its information through the medium of a record. A witness by his demeanor may convince a judge and jury that his testimony is worthless, and yet that testimony may assume the same appearance and carry with it the same weight with an appellate court, when placed in a bill of exceptions, as the testimony of some other witness in the same cause who, by the candor of his utterances, his apparent intelligence, and the manifest impartiality of his evidence, convinces both the judge and the jury of the perfect truth of all he says. For these reasons the Supreme Court has held that "the decision of a trial court refusing to grant a new trial on the ground of the insufficiency of the evidence or that the verdict is contrary to the evidence will not be revised, unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust."—*Cobb v. Malone,* 91 Ala. 388, 8 South. 693.

There is no right which the law has more carefully guarded than the right of trial by jury. It has been

said that one of the best features of our law is that it is interpreted by professional men and applied to the facts by laymen; that, when there is no evidence, the question is one of law for the court; but that, when there is any evidence, the question as to how much evidence is one for the jury.—6 Mayfield's Dig. p. 510.

The only question for review on appeal from a judgment overruling a motion for a new trial on the ground that the verdict was contrary to the evidence is whether or not there is a palpable failure of the evidence to support the verdict.—*Lyon v. McGowan,* 156 Ala. 462, 47 South. 342; *Bingham v. Davidson,* 141 Ala. 551, 37 South. 738.

The evidence for the plaintiff in the court below tended to show that the plaintiff's horse was killed by one of defendant's street cars. The plaintiff procured no eyewitnesses to the killing, but his evidence authorized the jury to infer that the car that killed his horse was traveling at a rate of speed much greater than seven or eight miles per hour. At the point where the evidence tended to show that the horse was struck by the car a part of the handle bar of a car was found, on which was some of the hair and a piece of the hide of the horse. The evidence of the plaintiff therefore tended to show that the animal was struck with sufficient force for the handle bar of the car to have been broken by the impact, and with force sufficient to have torn a. part of the hide from the animal when struck, and the jury had, therefore, the right to conclude from the evidence, as above stated, that the animal was struck by a car traveling at a much greater rate of speed than seven or eight miles per hour. The evidence for the defendant tended to show that the animal was struck by a car about 10:30 at night on a dark night; that the motorman running the car did not, and could not, by the ex-

crcise of the greatest diligence, have seen the animal, until the car was within 15 or 20 feet of him; that his car was then running at a speed of from seven to eight miles per hour; that, when he discovered the animal, it was trying to cross the track; that he tried to stop his car, but could not possibly do so before striking the horse; that he did succeed in stopping his car within less than a car length of the place where he struck the animal; that the car had an electric headlight; and that the motorman could not tell whether the animal was a horse or a mule. The testimony of the defendant's witnesses must be read in the light of the physical facts and also in the light of the fact that the witnesses who testified to the manner in which the animal was killed were employees of defendant.

In weighing testimony the jury ought to be in possession of all facts calculated to exert any influence upon the witness. "Employees of a party, although they may not be affected by the verdict pecuniarily, are, by the great weight of authority, to be deemed interested witnesses. This is especially true in actions against the master for the negligence of his servants. While the latter are competent witnesses for the former, their incentive to exonerate themselves from blame goes to their credit, and should be carefully considered in weighing their testimony."—30 Am. & Eng. Law, p. 1091; *L. & N. R. R. Co. v. Tegner,* 125 Ala. 600, 601, 28 South. 510.

If a witness swears that a certain object is white, and there is any evidence in the case tending to show that the object was not white, but black, the jury may so find by their verdict, and the court has no right to direct that they shall not so find. If the car which killed this animal was traveling at a much greater rate of speed than seven or eight miles an hour, and if the car was

equipped with an electric headlight which was in good order, and the defendant's motorman could not tell, when he struck it, whether it was a horse or a mule, then it was for the jury to say whether the explanation made by the motorman of the manner in which the animal was killed was in all material things true, or whether, on the other hand, the injury was not in fact done by some act of negligence on his part. In other words, while there was no conflict between the witnesses for the defendant, their evidence was in conflict, on material matters of inquiry, with some of the conclusions which the jury were authorized to draw from the physical facts, and the case was therefore one for the jury.

For the above reasons, this record fails to present to an appellate court the facts which would authorize it to reverse the judgment of a trial court in overruling a motion for a new trial because of the insufficiency of the evidence or that the verdict is contrary to the evidence. —*Cobb v. Malone, supra; Lyon v. McGowan,* 156 Ala. 462, 47 South. 342; *Bingham v. Davidson,* 141 Ala. 551, 37 South. 738.

It is unnecessary for us to consider the question as to whether the answer of the witness Frank Davis to the question, "You say they came out and took the horse and buried him?" was or was not material. Appellant made no objection to this question when it was propounded to the witness, and, having speculated on what the answer of the witness would be, he cannot be heard to complain if the answer was not what he expected it to be.—*Humphries v. State,* 2 App. Rep. 56 South. 72.

The question propounded to the witness W. L. Coleman, "Did you see any indications about the horse and track that would indicate how the horse met his death?" and his answer, "We found the handle," meaning thereby the broken handle bar with a piece of horse hide and

[Nashville, Chattanooga & St. L. Ry. Co. v. Casey.]

some hair on it, brought out nothing which was not already in evidence and was in no way prejudicial to defendant. Evidence showing that a broken handle bar with a piece of horse hide and some hair on it corresponding with the part of the hide and the hair which was missing from the plaintiff's horse had already been introduced. The fact that the witness knew of and could testify to the finding of the broken handle bar was a fact to which he could legally testify and was in answer to the question the only matter to which he did testify. The court therefore committed no error in allowing that evidence to remain with the jury without regard to the form of the question which called it from the witness.

For the reasons above given, we are of the opinion that the record fails to disclose any error in the rulings of the court below. The judgment of the court below is therefore affirmed.

Affirmed.