# Central of Georgia Ry. Co. *v.* Goodwater Mfg. Co.

### Failure to Deliver Goods.

(Decided June 30, 1915.   69 South. 343.)

1. **Appeal and Error; Perfecting Appeal; Time.**—An appeal from an ordinary motion for a new trial need not be taken within 30 days as fixed by § 4145, Code. 1907, it being sufficient that it be taken within the time prescribed by § 2868, Code 1907, as amended by Acts 1909, p. 165.

2. **Same; Review; Presumption.**—Where the coal was not delivered for nearly a month after it was shipped, the usual time for delivery being two or three days, and the bill of lading under which the coal was shipped did not appear in the bill of exceptions, it will be presumed that there was sufficient evidence of negligence to go to the jury, in order to uphold the ruling of the trial court.

3. **Carriers; Goods; Burden of Proof.**—The reception of goods by a railroad as the delivering carrier casts on it the burden to show that the delay in transportation was not due to its fault.

4. **Same; Rights of Consignee.**—Where delay in the delivery of goods causes a loss to the consignee, equivalent practically to the value of the goods, the consignee may refuse to receive the shipment.

[Central of Georgia Ry. Co. v. Goodwater Mfg. Co.]

APPEAL from Coosa Circuit Court.

Heard before Hon. S. L. BREWER.

Action by the Goodwater Manufacturing Company against the Central of Georgia Railway Company, for damages for failure to deliver goods. Judgment for plaintiff and defendant appeals. Affirmed.

GEORGE A. SORRELL, and BARNES & BREWER, for appellant. JOHN A. DARDEN, for appellee.

PELHAM, P. J.—(1) The appellee makes a motion in this case to dismiss the appeal on the ground that it was not taken within the time prescribed by law. The contention of the appellee is that under section 4145 of the Code the appeal should have been taken within 30 days from the rendition of the judgment or order. This section of the Code (4145) does not refer to the ordinary motion for a new trial, as in the present case, but to motions which may be made for setting aside judgments for irregularities, imperfections, etc.—*Woodward Iron Co. v. Brown*, 167 Ala. 316, 52 South. 829. This appeal is governed by the statute in regard to appeals from decisions on motions for new trials (Code, § 2846), and the statute providing for the limitation of appeals (Code, § 2868), as amended by the act passed at the special session of 1909 (Acts 1909, p. 165). The motion to dismiss the appeal is overruled.

(2, 3) The appellee, as the plaintiff in the court below, brought suit against the defendant as a common carrier for failure to deliver a car load of coal within a reasonable time. The case was tried on the defendant's plea of the general issue, and resulted in a verdict for the plaintiff (appellee). The appellant made a motion for a new trial, and appeals from the order of the court denying the motion, and assigns that ruling of the court as error.

It is averred in the complaint that the car load of coal was delivered to the defendant carrier at Birmingham, Ala., on or about the 5th day of February, 1913, and that it failed to deliver the same to the plaintiff at Goodwater, Ala., within a reasonable time; the said car was not delivered until on or about February 28, 1915. It was shown by the evidence that 2 or 3 days was a reasonable time for a car load of coal to come from Birmingham to Goodwater on defendant's line of railroad, and that sometimes

the car would come through in the next day after delivery to the carrier at Birmingham. We cannot agree with the contention of the appellant that there was no evidence from which the jury could find that there had been a delivery of the car to the defendant carrier at Birmingham by its connecting carrier, and a consequent delay in delivery by the latter carrier. The evidence set out in the bill of exceptions contains a letter from an official of the defendant carrier written at Birmingham on February 17, 1913, shown to have been introduced in evidence on the trial without objection, showing that the defendant carrier then had the car "on hand" and was promising to move it out of Birmingham that day; and the evidence without conflict shows, further, that the car did not arrive at Goodwater until the night of February 27, 1913, and was not attempted to be delivered until the next day; an unreasonable time under the undisputed evidence having elapsed from the time it received the car as a connecting carrier at the transfer point at Birmingham, Ala., and the date of its delivery at Goodwater, Ala. Besides, the bill of exceptions shows that the coal was shipped from the mines located on the line of the Southern Railway Company near Birmingham, Ala., on a through bill of lading calling for delivery at Goodwater, Ala., on the defendant's line of railroad as a connecting and delivering carrier. The bill of exceptions shows that this bill of lading was introduced in evidence on the main trial, and the clerk was instructed to set it out in the bill of exceptions. In this state of the record, showing that the bill of lading was in evidence on the main trial, from which it appeared that the initial carrier received the car for shipment on January 16, 1913, over its own line and that of the defendant as a connecting carrier for delivery at Goodwater, taken in connection with the undisputed evidence that the defendant as the delivering carrier received the shipment, but did not deliver, or undertake to deliver, the car to the consignee at Goodwater until February 28, 1913, while the usual and reasonable time for transportation was 2 or 3 days, it is to be presumed, in favor of the court's ruling on the motion, in the absence of the bill of lading being set out that was before the court on the main trial, that a prima facie case was made out, raising the presumption of negligence, and casting upon the defendant as the delivering carrier the burden of showing that the damage or delay in delivery was not occasioned by it. A receipt of the goods by the defendant as the delivering carrier

[Southern Railway Co. v. Blankenship.]

was shown, and the burden was on it to exculpate itself by showing that the damage or delay did not occur while the car was in its custody.—See *Cent. of Ga. Ry. Co. v. Chicago Varnish Co.,* 169 Ala. 287, 53 South. 832; *Walter v. A. G. S. R. R. Co.,* 142 Ala. 474, 39 South. 87; *L. & N. R. R. Co. v. Cowherd,* 120 Ala. 51, 23 South. 793.

(4) There is a phase of the evidence which tends to support the appellee's contention that the delay caused what was practically equivalent to an entire loss to the consignee, and, if so, it was justified in its refusal to receive the shipment. But, however that may be, we cannot say, under the rule governing the review here of a trial court's action in refusing to grant a motion for a new trial as against the weight of the evidence, that, either as to the right of recovery or the amount of recovery, there is a palpable failure of the evidence to support the finding of the jury upheld by the trial court.—*Cobb v. Malone,* 92 Ala. 630, 9 South. 738; *Lyon v. McGowan,* 156 Ala. 462, 47 South. 342.

It is our conclusion that this court, in reviewing the ruling of the lower court in overruling the motion of appellant for a new trial, would not be justified in putting that court in error and reversing its judgment overruling the motion, and an affirmance is therefore ordered.

Affirmed.