(85 South. 848)

JOSEPH v. STATE.  (1 Div. 384.)

(Court of Appeals of Alabama.  June 22, 1920.)

1. CRIMINAL LAW ☞1159(2)—INSUFFICIENCY OF EVIDENCE MUST BE PALPABLE TO WARRANT DISTURBING CONVICTION.

Where a judgment of conviction is attacked on the ground of the insufficiency of the evidence, the verdict will not be disturbed, unless there is a palpable failure of the evidence to support it.

2. LARCENY ☞55—EVIDENCE HELD TO SUPPORT CONVICTION.

In a prosecution for the larceny of a heifer, evidence held sufficient to support conviction.

3. CRIMINAL LAW ☞1208(9)—INDETERMINATE SENTENCE SHOULD BE IMPOSED ON CONVICTION OF LARCENY.

In a prosecution for larceny, the sentence under Acts 1919, p. 148, should be for an indeterminate period, instead of for fixed term.

Appeal from Circuit Court, Baldwin County; A. E. Gamble, Judge.

Sam Joseph was convicted of the larceny of a heifer, and he appeals. Affirmed as to the conviction, and remanded for proper sentence.

The facts seem to be that Dick Earl was left in the possession of the heifer by Ed Cole, and that the heifer was lost, and was found in the possession of one Phillips, who testified that the defendant traded him the heifer for a steer. The defendant's testimony tended to show that the heifer was in the mark of a brother-in-law of the defendant, who had left the country, leaving his stock in the possession of the defendant, and that the defendant traded the heifer to Phillips for a steer, with the understanding that, if the heifer belonged to any one else, it was to be turned over to the person claiming it and proving ownership.

Stone & Stone, of Bay Minette, for appellant.

Counsel insist that the evidence did not support a conviction, and therefore the court erred in not granting his motion for a new trial; but they cite no authority.

J. Q. Smith, Atty. Gen., for the State.
No brief reached the Reporter.

MERRITT, J. [1, 2] The defendant was convicted for the larceny of a heifer, and sentenced to the penitentiary for a term of one year and one day. The only question raised is that the court erred in refusing to grant the defendant a new trial, his contention being that there was not sufficient evidence to warrant a conviction; hence the question for us is whether there is a palpable failure of the evidence to support the verdict. Lyon v. McGowan, 156 Ala. 462, 47 South. 342.

This we cannot say was the case. The evidence, and some of the tendencies of the evidence offered by the state, if believed, were sufficient to warrant a conviction. We may not be convinced of the great weight of portions of it, or of the strength of the state's case as a whole; but the jury had the witnesses before it, saw and heard them testify. The trial judge had the same opportunity, and we are not prepared to say, after a careful consideration of all the evidence, that there was a palpable failure of the evidence to support the verdict.

[3] The record shows that the defendant was sentenced to the penitentiary for one year and one day. Under the act approved February 18, 1919 (Acts 1919, p. 148), the sentence should have been for an indeterminate term. The judgment of conviction is affirmed, and the case is remanded, in order that the defendant may be sentenced as provided for in said act.

Judgment of conviction affirmed; remanded for proper sentence.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes