**L. B. MENEFEE LUMBER CO. v. DAVIS–JOHNSON LUMBER CO.   (No. 2002.)**

Court of Civil Appeals of Texas.   El Paso.
April 14, 1927.

Rehearing Denied May 5, 1927.

1. Sales ⬅⟫181(9) — In action for contract price of lumber, testimony of owner of building and contractor buying from defendant held inadmissible to support offset for late delivery.

In action for contract price of lumber, in which defendant pleaded offset for late delivery on ground that contractor buying lumber from it was thereby penalized, testimony of owner of building and contractor *held* inadmissible to support allowance of offset.

2. Sales ⬅⟫357(1)—Buyer of lumber pleading offset for late delivery must show seller's notice of probable damage.

In action for contract price of lumber, in which defendant pleaded offset for late delivery,

defendant had burden to show that at date of contract plaintiff had notice of conditions rendering claimed damages natural and probable result of breach, under circumstances showing that contract was to some extent based on such conditions.

3. Sales ⬅⟫354(9)—Where buyer of lumber pleaded offset for late delivery, allegation that contractor buying from him was damaged and amount had been agreed held insufficient.

In action for contract price of lumber in which defendant pleaded offset for late delivery on ground that contractor buying lumber from it was thereby penalized, allegation that contractor was damaged and defendant had agreed with it as to amount of damage *held* insufficient, since defendant must show his legal liability to contractor for such amounts.

Appeal from Dallas County Court at Law No. 1; Paine L. Bush, Judge.

Action by the L. B. Menefee Lumber Company against the Davis-Johnson Lumber Company, in which defendant pleaded an offset and interpleaded J. G. Landrum, doing business as the Landrum Lumber Company. From the judgment, plaintiff appeals. Reversed and remanded.

Carlton R. Winn, of Dallas, W. H. Jack, Jr., of Corsicana, and Saner, Saner, Turner & Rodgers, of Dallas, for appellant.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for appellee.

PELPHREY, C. J. The L. B. Menefee Lumber Company, a corporation, organized under the laws of the state of Oregon, filed this suit against the Davis-Johnson Lumber Company, a Texas corporation, in the county court at law No. 1 of Dallas county, Tex., for $596.85, as the contract price of a car of fir lumber alleged to have been furnished by appellant to appellee.

Appellee in its answer pleaded an offset of $310, alleging that the lumber was ordered through the agents and brokers of appellant, the Landrum Lumber Company; that it had contracted to sell the said lumber to the Inge Construction Company to be used in the erection of a building in Dallas; that the lumber was ordered with the understanding that it would be shipped by a certain date; that the lumber was not shipped within the time specified, and the Inge Construction Company was penalized on its contract with the owners of the building, because the building was not completed within the time specified in the contract, and that the Inge Construction Company deducted the sum of $310 from appellee's bill for the lumber, and that appellee had been damaged in that amount which it asked be offset against the amount claimed by appellant.

Appellee interpleaded J. G. Landrum, doing business as Landrum Lumber Company, who was the broker transmitting the order to ap

pellant, and, in the alternative, asked for judgment over against Landrum for the $310.

Landrum answered, alleging that, in obtaining the order for the car of lumber in question, he was acting merely as a broker, without authority to represent appellant, which fact was known to appellee, and that, at the time the order was given to him, he had no knowledge of its intended use or of the collateral contracts alleged by appellee.

Upon a trial without a jury, judgment was entered by the court in favor of appellant for $596.85, less $310 which appellee was allowed as damages, and that appellee take nothing by its cross-action against Landrum.

From that judgment L. B. Menefee Lumber Company has appealed to this court.

## Opinion.

Appellant presents four grounds upon which it relies for a reversal of the case. The third point made by appellant is that defendant having pleaded that delay in delivery caused $310 to be deducted from its bill by the contractor, who had been penalized by the owner because of such delay, that the uncontroverted evidence showing that the collateral contracts provided for no liquidated damages, and that the sum deducted by the owner was for increased cost in construction and not for delay. The evidence of the owner and the contractor as to the items of damage was inadmissible under the pleading to support the allowance of the offset to appellant's debt.

Appellee pleaded that the agents of appellant accepted the order for the car of lumber in question with full knowledge of the fact that appellee had a contract to furnish said lumber to the Inge Construction Company, which company had a contract to erect a building known as the Worsham-Buick building, in the city of Dallas, and with full knowledge and understanding that the lumber was to be shipped promptly and arrive in Dallas within three weeks from the date of the acceptance of the order; that appellant breached its contract and did not deliver said lumber until long after the date agreed on; that by reason of the delay the Inge Construction Company was penalized on its contract with the owner because the building was not finished in the time specified in the contract; that the Inge Construction Company, due to delay, in turn, deducted from appellee's account with it the sum of $310, which the appellee lost by reason of the appellant's breach of contract with it.

Inge, the contractor, testified that his contract with Wirt Davis, the owner, was that he was to receive a certain fee if he built the building for a certain price, and that, if the cost exceeded that amount, then $500 was to be deducted from his fee.

Wirt Davis testified that the deduction was to be made if the building was not built within the time specified and for the price agreed upon.

They both testified that the building was not finished on time, and cost more than the amount agreed upon, and that $500 was deducted from the fee of Inge.

The testimony of Inge, however, shows that the $310 he deducted from the account of appellee was for extra expense he had incurred for superintendent and watchman hire and for extra handling of oak flooring.

[1, 2] Under the pleading, we think this testimony was clearly inadmissible, and that the court was in error in considering said testimony. Appellee is seeking in this case to offset special damages against the claim of appellant, and in order to do so has the burden of showing that at the date of the contract appellant had notice of the special conditions rendering such damages the natural and probable result of its breach, under circumstances showing that the contract was to some extent based upon or made with reference to such conditions. M., K. & T. Ry. Co. v. Belcher, 89 Tex. 428, 35 S. W. 6.

[3] Appellee in attempting to offset any amounts deducted from its account by the Inge Construction Company must allege and prove that appellee was legally liable to the Inge Construction Company for such amounts, and it is not sufficient to merely allege that the Inge Company was damaged and that appellee had agreed with them upon any certain amount as constituting their damage.

We deem it unnecessary to discuss the other assignments.

Reversed and remanded.