### HIGGINBOTHAM et al. v. KYLE.
### (No. 949—4753.)

Commission of Appeals of Texas, Section A.
May 11, 1927.

**1. Bonds &#9756;50—Common-law bond is governed by rules applicable to written contracts.**

A common-law bond is a written contract, under which rights and liabilities are determined by the same rules of law that govern written contracts generally.

**2. Damages &#9756;77 — Obligation of grantors' bond for perfecting title held intended as penalty, not stipulation of damages for nonperformance.**

In grantors' personal bond conditioned for perfecting by the grantors of title to land sold, the fixed sum named as obligation *held* to be intended as penalty to secure performance rather than stipulation of amount of damages for nonperformance.

**3. Vendor and purchaser &#9756;351(1)—Measure of damages on grantors' penal bond to render title merchantable is obligee's actual loss proximately caused by nonperformance.**

Damages recoverable on penal bond of grantors for failure to render title merchantable, as therein agreed, are measured by obligee's actual loss sustained as natural and proximate result of nonperformance.

**4. Vendor and purchaser &#9756;351(1)—Loss of sale of land is not regarded as contemplated by obligor in grantors' bond to render title merchantable, in absence of special circumstances.**

Loss of sale of land is not to be regarded as being in contemplation of the obligor at the time of executing grantors' bond to render title merchantable, in absence of special circumstances from which obligor ought reasonably to have foreseen, such loss as natural and probable result of his breach.

**5. Vendor and purchaser &#9756;349 — Petition against grantors on bond to perfect title for loss of sale of mineral rights held demurrable for failure to allege loss was contemplated.**

Petition by grantee's widow against grantors, alleging breach of bond to render title merchantable and asking damages for loss of sale of mineral rights, *held* not to show liability, in absence of averment that such loss was contemplated by the parties when bond was given.

Appeal from Court of Civil Appeals of Third Supreme Judicial District.

Action by Mrs. G. F. Kyle against J. M. Higginbotham, R. W. Higginbotham, and B. T. Higginbotham. The defendants first named filed general and special exceptions, and the defendant third named filed a disclaimer. The trial court sustained the exceptions and entered judgment in favor of the last-named defendant. On appeal, the Court of Civil Appeals. (288 S. W. 572) reversed the judgment, rendered judgment against B. T. Higginbotham on his disclaimer, and remanded the cause as to the other defendants. The other defendants appeal. Judgment of the Court of Civil Appeals, in so far as it reversed the judgment of the district court as to J. M. Higginbotham and R. W. Higginbotham, reversed, and judgment rendered; otherwise, affirmed.

Read, Lowrance & Bates, of Dallas, for appellants.

J. W. Stitt, of Fort Worth, and Etheridge, McCormick & Bromberg, of Dallas, for appellee.

HARVEY, P. J. Suit by Mrs. G. F. Kyle, the defendant in error, against J. M. Higginbotham and R. W. Higginbotham, the plaintiffs in error, to recover damages in the sum of $4,500 on account of alleged breach of contract, and against B. T. Higginbotham to clear the title to the lands involved herein of certain alleged claims of said B. T. Higginbotham. The last-named defendant filed disclaimer, but the trial court. nevertheless entered judgment in his favor. J. M. and R. W. Higginbotham interposed a general exception and special exceptions to the plaintiff's petition, which were sustained by the trial court. The plaintiff declined to amend and a judgment of dismissal was entered.

On appeal, the Court of Civil Appeals reversed the judgment of the trial court and rendered judgment against B. T. Higginbotham on his disclaimer, and remanded the cause as to the plaintiff and J. M. and R. W. Higginbotham. 288 S. W. 572.

The case is before us on writ of error sued out by the two Higginbothams last named.

We find it necessary to consider only the action of the trial court in sustaining the general exception interposed by the defendants J. M. and R. W. Higginbotham. The petition alleges, in substance: That the plaintiff is the widow and sole devisee of Geo. F. Kyle, deceased. That in the year 1915, said Geo. F. Kyle negotiated for the purchase from J. M. and R. W. Higginbotham of three certain tracts of land in Eastland county. That Geo. F. Kyle's attorney pointed out a number of defects in the record title of said Higginbothams to said lands (which defects are circumstantially alleged in the petition, and which were of such nature as to render such title unmerchantable). That as inducement to Kyle to go ahead and consummate the purchase of said lands, without further delay on account of said defects of title that had been pointed out by Kyle's attorney, J. M. and R. W. Higginbotham promised and agreed to execute to Kyle their personal bond, in terms as hereinafter stated. That in pursuance of this arrangement thus agreed upon by the parties, J. M. and R. W. Higginbotham, on February 20, 1915, executed and delivered to Geo. F. Kyle their general warranty deed conveying to Kyle the said three tracts of land. Kyle paid a substantial part of the consideration therefor in cash and executed and delivered his promissory notes to the vendors for the balance. That contemporaneous with the execution and delivery of said deed, J. M. and R. W. Higginbotham, in pursuance of their said promise to do so, executed and delivered to Geo. F. Kyle their personal bond, which omitting preliminary recitals, reads as follows:

"Know all men by these presents: That we, R. W. Higginbotham and J. M. Higginbotham, in consideration of the premises and of the sum of $1 to us cash in hand paid by Geo. F. Kyle, the receipt of which is confessed, do acknowledge ourselves bound and obligated to well and truly pay to the said Geo. F. Kyle the sum of five thousand ($5,000.00) dollars, payment thereof to be well and truly made by us to the said Geo. F. Kyle, his order, heirs, executors, administrators, or assigns, at Temple, Tex.

"The condition of this obligation, however, is such that, if we shall, at our own cost and expense, perfect or cause to be perfected the title to the above-mentioned lands conveyed to the said Geo. F. Kyle of record as well vested in the said R. W. and J. M. Higginbotham at the time of the delivery of said conveyances thereof to the said Kyle and to the extent that such records shall disclose such title in all respects good and sufficient in law, and furnish abstracts of title disclosing such title, all within six months from the date hereof if suits be not required to perfect the titles, and if suits be required to perfect the titles, then within two years from the date hereof, then this obligation to become null and void; otherwise, to remain in full force and effect.

"Witness our hands this the 17th day of February, A. D. 1915.

"J. M. Higginbotham.
"R. W. Higginbotham."

The petition further alleges that J. M. and R. W. Higginbotham wholly failed to remove any of said defects and to perfect the title to said lands so as to render it merchantable, as required by the terms of the bond, but that they had falsely represented to Geo. F. Kyle that they had remedied all such defects of title. That in June of the year 1919, the said Geo. F. Kyle having died in the meantime, one Prescott entered into a binding contract with the plaintiff, Mrs. Kyle, for the purchase of the mineral rights in one of said tracts of land, for which he agreed to pay the plaintiff the sum of $4,500. That after this contract was made, Prescott examined the title to said tract of land and discovered the defects therein, which had been pointed out by the attorney of Geo. F. Kyle, as has been stated, and which rendered the title unmerchantable. That because of such defects of title, Prescott refused to consummate his contract of purchase; and as a result of the failure of J. M. and R. W. Higginbotham to perfect the title to the lands as they had bound themselves to do, the plaintiff lost the benefits of said proposed sale to Prescott, to her damage in the sum of $4,500, for which she prays judgment; and further prays that said $4,500 be applied in cancellation, to that extent, of the vendor's lien notes that had been executed by Geo. F. Kyle for said lands and which were held by J. M. and R. W. Higginbotham, and there is also a prayer for general relief. The petition also alleges that after Prescott abandoned his proposed purchase, the plaintiff expended the sum of $425 in partially removing said defects from the record title to the land, and that J. M. and R. W. Higginbotham have paid the plaintiff the sum of $425 in reimbursement.

[1] A common-law bond is a written contract, and in determining the rights and liabilities of the parties thereunder courts are guided by the same rules of law that govern the interpretation of written contracts generally. 9 C. J. 31–129.

[2] A study of the terms of the bond in question, in the light of the circumstances under which it is shown to have been executed, leaves no room to doubt that the sum named therein was intended as a penalty to secure performance of the obligations of the obligors, as set out in the clause of defeasance, rather than as a stipulation of the amount of damages, which the parties estimated and agreed would be sustained by the

obligee in case of nonperformance of those obligations.

[3] Such being the case, the damages recoverable are to be ascertained and measured by the actual loss sustained by the obligee as the natural and proximate result of the failure of the obligors to perform their obligations named in the defeasance clause of the bond. As constituting such a loss, the plaintiff alleges the loss of the benefits which would have accrued to her from the consummation of the sale of a part of the land (the mineral rights) to Prescott in the year 1919, more than four years after the contract was made. Whether or not the plaintiff's petition presents a cause of action against J. M. and R. W. Higginbotham depends upon whether or not their breach of the contract renders them liable for the damages alleged to have resulted to the plaintiff on account of the loss of the sale to Prescott.

[4] Under the terms of the contract, the Higginbothams were obligated to perfect the record title to said lands to the extent of rendering it merchantable and to furnish abstracts disclosing a merchantable title. In the usual course of things, a breach by the obligor, of a contract of this nature, does not result in producing the loss of a sale of the land affected. Therefore the loss of a sale of the land, as a probable result of a breach of such a contract, is not to be regarded as being in contemplation of the obligor when he makes the contract, unless there exist special circumstances at the time of the execution of the contract, of which the obligor has notice, from which it ought reasonably be foreseen that such a loss would naturally and probably result from a breach of his obligation. Hadley v. Baxendale, 9 Ex. 341; M., K. & T. Ry. Co. v. Belcher, 89 Tex. 429, 35 S. W. 6; Pac. Exp. Co. v. Darnell, 62 Tex. 641.

No special circumstances or conditions, of the nature described, are shown to have existed at the time the Higginbothams entered into the contract to remedy the defects of title. A resale of the land by Kyle was not immediately in contemplation of either party to the contract. This is clearly shown by the averments of the plaintiff's petition and the intendments arising therefrom. The purpose of having the defects of title removed, it is true, was to put the title in a marketable condition. The fact that the title to the land was to be put in a marketable condition presaged the contingency of a resale. This much is revealed by the terms of the contract itself, but a resale of the land was but a remote probability, with reference to which the parties could not be reasonably regarded as having contracted. Obviously a resale, thus indicated, depended for consummation upon many contingencies of a speculative nature, which had no reference to the state of the title to the land. It cannot be assumed that the Higginbothams, when they entered into the contract, had in contemplation these unknown and unknowable conditions and circumstances arising subsequent to the making of the contract, and in fact subsequent to its breach.

[5] The averments of the plaintiff's petition herein fail to show a liability on the part of J. M. and R. W. Higginbotham for the damages sought to be recovered of them. We are of the opinion that the action of the trial court in sustaining a general exception to the petition, and entering judgment of dismissal, was correct.

We therefore recommend that the judgment of the Court of Civil Appeals in so far as same reverses the judgment of the trial court as to J. M. and R. W. Higginbotham be reversed, and that the judgment of dismissal of plaintiff's suit against these parties, as entered by the trial court, be affirmed; we further recommend that the judgment rendered by the Court of Civil Appeals in favor of the defendant in error against B. T. Higginbotham on his disclaimer be affirmed.

GREENWOOD and PIERSON, JJ. Judgment of the Court of Civil Appeals, in so far as it reversed the judgment of the district court as to J. M. and R. W. Higginbotham, is reversed and judgment rendered dismissing plaintiff's suit as to said parties. Judgment of the Court of Civil Appeals affirmed for defendant in error against B. T. Higginbotham, as recommended by the Commission of Appeals.