(133 So. 743)

## SIMMONS v. STATE.

### 6 Div. 895.

Court of Appeals of Alabama.
Jan. 13, 1930.

Rehearing Denied Feb. 24, 1931.

Further Rehearing Denied April 7, 1931.

Mathews & Mathews, of Bessemer, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of buying, receiving, concealing, etc., stolen property of the value of more than $25, all as provided in, and in accordance with the terms of Code 1923, §§ 4912 and 4905; that is, except with regard to the punishment, to which we shall advert later.

We cannot see that a discussion of the evidence would be helpful. That on behalf of the state was ample to support the verdict of the jury. Appellant's testimony, and that of his witnesses, tended to support his plea of not guilty.

We have examined each of the exceptions reserved on the taking of testimony, but are persuaded, and hold, that there is merit in none of them. No new, intricate, or novel proposition of law is raised by any of the rulings giving rise to same, and detailed discussion would seem profitless.

The written charges requested by, and refused to, appellant have each been examined. But we find, as to each, that if the principle of law contained therein is correct, and applicable, the same was given to the jury in the trial court's oral charge, in connection with the written charges given at appellant's request.

There appears no prejudicial error in any of the matters and proceedings up to the point where appellant was sentenced to "perform hard labor for the county for twelve months," as punishment for the offense. And the judgment of conviction is affirmed.

We cannot find where the sentence, just referred to, is warranted. So far as we can see, or are advised, appellant should have been sentenced to an indeterminate term in the penitentiary, as provided in Code 1923, § 5268. And we so hold. See Joseph v. State, 17 Ala. App. 518, 85 So. 848. The judgment of conviction is affirmed, but the cause is remanded for sentence in accordance with this opinion.

Affirmed; remanded for proper sentence.