**ATCHISON, T. & S. F. RY. CO. v. BUTLER.**

No. 3289.

Court of Civil Appeals of Texas. El Paso.

Jan. 9, 1936.

Rehearing Denied Jan. 30, 1936.

Turney, Burges, Culwell & Pollard and J. F. Hulse, all of El Paso, for appellant.

Wilchar & Wilchar, of El Paso, for appellee.

PELPHREY, Chief Justice.

Appellee, who was engaged in the milling of gold ore at the Gloryana Mine near Bumble Bee, Ariz., ordered two castings for his mill from Ellis Mills' Manufacturing Company of San Francisco, Cal. They were shipped on May 17, 1934, via appellant's railroad, to Mayer, Ariz. Appellee received notice that the shipment had been made to Mayer, Ariz., on May 25th, and went immediately to the freight office of appellant in Phœnix, where he was at the time, and had inquiry made as to whether the shipment had arrived. On June 1st appellee went to the office of appellant in Mayer, and, after receiving part of the shipment, was told that the balance would be replaced and would reach Mayer on the following Tuesday. At that time appellee, according to his testimony, told appellant's agent that under the conditions then existing at the mill he was running the mill at half capacity and that there was a probability that the old liner would break the other liner and cause a complete shutdown of the mill, and appellant's agent thereupon told him the liner would be delivered the next week and would be sent to appellee by stage. On June 20th, thereafter, appellee talked to appellant's assistant general freight and passenger agent, who relayed the information to appellant's general claim agent, who ordered the casting replaced. The casting was received by appellee on July 3d, at Mayer, Ariz.

Appellee filed this suit seeking to recover the sum of $452.87, which he claims was the sum lost by him, resulting from curtailed production caused by the negligent failure of appellant to deliver the casting within a reasonable time.

In response to special issues the jury found that appellant's agent at Mayer told appellee that the broken casting was being replaced and would be delivered to him the following week; that appellee in good faith relied upon such statement; that at the time such statement was made, appellee informed the agent that he would suffer special damage by reason of curtailment of production; that appellant, pursuant to the statement so made, undertook to replace and deliver the casting to appellee; that, after such conversation, appellant failed to use ordinary care and diligence in delivering the casting; that such failure proximately caused damage to appellee by reason of curtailment of production; and that such damage amounted to $452.87.

Judgment was rendered based upon these findings and this appeal followed.

### Opinion.

Appellant now complains of the trial court's action in refusing its motion for an instructed verdict; in overruling its motion for judgment non obstante veredicto; in rendering judgment for appellee on the pleadings; and of the manner in which questions Nos. 3, 4, 5, 6, and 7 were submitted to the jury.

We shall not attempt to discuss these questions separately, but shall merely set forth the reasons why we think the judgment should be affirmed.

Appellee alleged that when the unbroken casting was received he informed the agent of appellant that unless he received the broken casting immediately his production would be seriously curtailed; that appellant negligently failed to replace and deliver the casting to him until July 3, 1934; and that he, by reason thereof, was forced to curtail his production in the sum of $452.87.

■■ The jury found that appellee, on or about June 1st, informed appellant's agent that unless the broken casting was delivered to him that he would suffer special damage; that appellant failed to use ordinary care in delivering the casting; and that such failure proximately caused damage to appellee in the sum alleged.

It was at one time the rule in Texas that a plaintiff, in order to recover special damages for breach of a contract, was obliged to show that at the date of the contract the defendant had notice of the special condi-

tions rendering such damages the natural and probable result of the breach thereof. Missouri, K. & T. Ry. Co. v. Belcher, 89 Tex. 428, 35 S.W. 6. But the Commission of Appeals in Conn et al. v. Texas & N. O. Ry. Co. 14 S.W.(2d) 1004, overruled a holding of the Court of Civil Appeals (4 S.W.(2d) 193) to that effect and held that a carrier was liable for special damages in case of negligence after its agent acquired knowledge of special circumstances causing such damages. This holding was specifically approved by the Supreme Court.

After a careful study of the record here, we have concluded that the pleadings and findings of the jury are sufficient to entitle the appellee to a recovery under the doctrine announced in the above case and that the judgment should be affirmed on that basis, regardless of the numerous questions presented on the theory of false representations advanced by appellant.

We are of the opinion that the evidence is sufficient to support the amount of damages found by the jury and that question No. 6 was sufficient to limit the award of damages to those caused by curtailment of production.

The judgment is affirmed.