THE TEXAS & PACIFIC RAILWAY COMPANY v. SARAH B. ADAMS.

No. 3034.

1. **Liability of Railway Company for Acts of Receiver.**—In a suit originally brought against the receiver of a railway company, if it be continued against the railway company after the discharge of the receiver and there exist facts making the railway company liable for the payment of losses occurring while it was in the hands of the receiver, such facts must be alleged and proved. Railway v. Johnson, 76 Texas, 421.

2. **Reasonableness of Rule Requiring Notice of Loss.**—It was proper to submit to the jury whether a rule was reasonable requiring notice of damage to freight to be given at the place of delivery within thirty-six hours of its delivery.

3. **Limitation of Liability in Bill of Lading.**—A stipulation in a freight bill made at Bowling Green, Kentucky, that the railway company in whose custody the freight was injured should be liable, is not unlawful; and while the presumption is that the injury was caused by the railway last handling the freight, still upon its negativing the injury while in its care the court should instruct the jury upon such defense.

APPEAL from Red River. Tried below before Hon. E. D. McClellan.

The pleadings set out the facts upon which arose the questions discussed. The facts alleged and proved appear in opinion.

*Geo. F. Burdett,* for appellant.— 1. As a condition precedent to appellee's right to recover damages for breach of contract of shipment by delay or otherwise, it was her duty to have notified the delivering carrier of such claim for loss, damage, or delay within thirty-six hours after the receipt of the freight, etc., and such stipulation was reasonable in its nature and valid, and appellee should have alleged and proved the giving of such notice. The proof shows that appellee failed to give notice of claim for damage. Express Co. v. Caldwell, 21 Wall., 304; Dawson v. Railway, 76 Mo., 516; Express Co. v. Hunnicutt, 54 Miss., 566; Express Co. v. Harris, 57 Ind., 127; Westcott v. Fargo, 61 N. Y., 531; Railway v. Harris, 67

Texas, 166; Railway v. Trawick, 68 Texas, 314; Man v. Tel. Co., 3 S. W. Rep., 496.

2.   In order to hold the Texas & Pacific Railway Company liable for the debts incurred and wrongs done by the receiver while running and operating it under orders of the aforesaid United States Circuit Court, appellee should have alleged and proved that all assets in the hands of such receiver had been turned over to the Texas & Pacific Railway Company and that the earnings of the Texas & Pacific Railway Company while in the hands of the receiver were sufficient to pay off and satisfy any liabilities incurred and wrongs done by such receiver.   Railway v. Johnson, 76 Texas, 421.

3.   In order to hold the Texas & Pacific Railway Company liable for breach of contract as alleged by appellee (in case that the court shall hold that the Texas & Pacific Railway Company is liable for wrongs, etc., of the receiver), appellee must allege and prove a partnership between the Louisville & Nashville Railway Company and said receiver or appellant. Article 4251 of the Revised Statutes provides that every railroad company shall for a reasonable compensation draw over its roads without delay passengers, merchandise, and cars of every other railroad company which may enter and connect with its road.   Railway v. Baird, 75 Texas, 256; Railway v. Williams, 77 Texas, 121.

4.   If at the time of the happening of the wrong and injuries as alleged by appellee the Texas & Pacific Railway Company was being operated by John C. Brown as receiver thereof under orders of said United States Circuit Court, said receiver was an officer of said court, and could not become either a partner or joint contractor with the Louisville & Nashville Railway Company, which contracted with appellee at Bowling Green, Kentucky, and all the receiver could do was to receive all freight, etc., which was tendered, and forward the same as required by article 4251 of the Revised Statutes.

5.   The court erred in submitting to the jury the question as to whether the giving of the notice by appellee of claim for loss or damage within thirty-six hours after the receipt of the goods was reasonable or unreasonable.   The contract should be interpreted and construed by the court and not by the jury.   2 Pars. on Con., 7 ed., p. 623, note a; Wells Law and Fact, 135; 2 Bouv. Law Dic., pp. 509, 510; 1 Greenl. on Ev., p. 67, and notes.

6.   The court erred in failing to charge the law upon all of the issues, in this:   Under the contract of shipment or bill of lading it is provided, among other things, as follows, to-wit, "That in case of damage or delay that company alone shall be held answerable therefor in whose actual custody the same may be at the time of the happening of such delay or damage;" and there was no proof showing that any damage or delay accrued whilst appellee's goods were in the possession of John C. Brown,

who was operating and controlling the line of the Texas & Pacific Railway Company at the time appellee claims the injuries occurred, and the court gave no charge to the jury upon this portion of said contract. Railway v. Baird, 75 Texas, 256; Railway v. Williams, 77 Texas, 121.

No brief for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the appellee to recover damage to her wearing apparel and household goods.

The suit was originally brought against John C. Brown as receiver of the Texas & Pacific Railway Company, and the petition charged that the damage to the property occurred while he was in possession of and operating said road as such receiver.

By an amended petition plaintiff charged that subsequent to the wrong done her the defendant Brown was discharged from the receivership, and that all property and funds in his hands at the date of his discharge were turned over to said corporation.

The railroad company was by amendment made a party defendant, and appeared and answered.

The cause was discontinued as to the defendant Brown.

A judgment was rendered against the railroad company.

The petition showed that Brown was receiver under the appointment of a court that had jurisdiction to make it.

If facts existed making the railroad company liable for the payment of losses that occurred while it was being operated by the receiver they were neither alleged nor proved.

For this cause the judgment must be reversed.

The bill of lading contained a stipulation to the effect that "claims for loss or damages must be presented to the delivering line within thirty-six hours after the arrival of the freight." The testimony showed that plaintiff's residence was within a few hundred yards of the depot at which the freight was received; that she received it on Saturday afternoon and did not open the trunk and box in which the goods were packed until the following Monday morning, and that she was sick during the interval.

The court, we think, fairly and correctly submitted to the jury the question whether the stipulation with regard to the time within which the claim was required to be made was a reasonable one.

It was proper to submit that issue to the jury instead of its being decided as a question of law by the court, as appellant contends it should have been.

The goods were shipped at Bowling Green, Kentucky, upon the Louisville & Nashville Railroad, and a through bill of lading was given by that railroad to the point of destination on the Texas & Pacific Railroad.

Another assignment of error reads as follows: "The court erred in

failing to charge the law upon all of the issues, in this: Under the contract of shipment or bill of lading it is provided, among other things, as follows, to-wit, ' That in case of damage or delay that company alone shall be held answerable therefor in whose actual custody the freight may be at the time of the happening of such delay or damage;' and there was no proof showing that any damage or delay accrued whilst appellee's goods were in the possession of John C. Brown, who was operating and controlling the line of the Texas & Pacific Railway Company at the time appellee claims the injury occurred, and the court gave no charge to the jury upon this portion of said contract."

There was no evidence introduced showing on what road the alleged damage was done. We think that the stipulation in the contract limiting the liability to the carrier by whom the damage was occasioned was a binding one under the circumstances of this case, and if the defendant railroad company shows that the damage did not occur while the goods were in its charge it should have the benefit of a charge to that effect.

When it is made to appear that freight transported by successive carriers has been damaged subsequent to its shipment, and the evidence fails to show on what particular line the injury occurred, there exists a presumption that it was through the fault of the last carrier. Schoul. on Bail. and Carr., 526.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered November 7, 1890.