International & Great Northern Railway Company v.
Martin Mahula.

No. 14.

**Limited Liability of Railway Company— Contract by Lessee.—** The Missouri Pacific Railway Company, holding a lease upon the International & Great Northern Railway Company, contracted to carry two carloads of horses from New Braunfels, Texas, and to safely deliver the freight at St. Joseph, in the State of Missouri. The freight contract limited the liability for damages to losses upon its own line. The horses were carried to St. Joseph, but not delivered to the shipper. In an action against the International & Great Northern Railway Company for the value of the horses, *held*, that the exemption in the contract would inure to the benefit of each carrier over whose line the horses were carried, and the defendant would not be liable for the refusal to deliver at St. Joseph, Missouri.

APPEAL from Medina. Tried below before Hon. T. M. Paschal.

*Barnard & Green*, for appellant.—1. This being an interstate shipment under a contract extending beyond the limits of Texas and into a remote State, the parties to it had a right to contract and insert in it any reasonable provision or condition guarding against any contingency and damage not caused by its own negligence. Greenh. on Pub. Pol., 517, and note; Laws. on Con. of Carr., sec. 122; 2 W. & W Cond. Cases, secs. 423, 579; Railway v. Poindexter, 70 Texas, 98; Hart v. Railway, 112 U. S., 331; Railway v. Weakley, 8 S. W. Rep., 134.

2. If the Missouri Pacific Railway Company was operating defendant's road, as shown by the contract, the defendant could not be made liable for loss or damage occurring beyond its line, it not being a public duty

nor charter obligation to make through contracts.   Railway v. Culberson, 72 Texas, 375.

*Denman & Franklin*, for appellee.— 1.  It being contrary to public policy and against law for the defendant to turn over to the Missouri Pacific the operation of its railway and the exercise of its franchises as set up in answer herein, defendant can not claim the benefit of the contract with the Missouri Pacific, in that in order to do so it must trace its right through said illegal lease of its road and franchises.

2.  A common carrier has no right to make, even in an interstate shipment, a contract limiting its liability against its own negligence, and a fortiori it can not make a contract which will give it the right to refuse to deliver the goods upon their arrival at point of destination by payment to the consignee of value of same at time and place of shipment. Railway v. Harris, 67 Texas, 166.

FISHER, CHIEF JUSTICE.—The appellee instituted suit against the appellant in the District Court of Medina County, Texas, on the 17th day of May, 1888, to recover the alleged value at St. Joseph, Missouri, of two carloads (49) horses shipped on July 26, 1887, by appellee from New Braunfels, Texas, to St. Joseph, Missouri, alleging their value at St. Joseph, Missouri, to be $1960.  Appellee alleged, that appellant failed and refused to deliver said horses to appellee upon his demand at St. Joseph, Missouri, although appellee had tendered to appellant all freight and charges which appellee claimed for transportation and feed, etc.

Appellant answered by general denial, and that stock was shipped upon two special contracts at a reduced rate of freight made on July 26, 1887, by appellee and Kenneth D. Wheatley with the Missouri Pacific Railway Company, which was at that time the lessee of the appellant.

The said shipment was made as, and was in fact an interstate shipment.

That the conditions of said contracts stipulated that in case of loss or damage of any kind for which the Missouri Pacific Railway Company should be liable, then and in that event said company should only be required to pay the value of said horses so damaged at New Braunfels on date of shipment, and that the value of said horses when shipped at New Braunfels, Texas, did not exceed $19 per head.

That appellant, though a common carrier and bound to the public for torts committed by its lessee, the Missouri Pacific Railway Company, generally, could only be held liable for the torts of its lessee committed in the performance of some duty appellant as such owed to the public.  That as such common carrier appellant did not owe it to the public to make interstate shipments, and if appellee saw fit to enter contracts for interstate shipments of his horses, then he must look to the lessee for his damages, and that he has no right to hold appellant responsible for such damages

caused by its lessee, and that appellant is only liable in such cases for the damage done while said horses were being transported upon its own line.

Trial was had and a verdict and judgment were rendered for the appellee against the appellant for $1525.

The court erred in refusing to give to the jury the following charge requested by appellant:

"The defendant asks the court to instruct the jury that, if they believe from the evidence that the Missouri Pacific Railway Company made and entered into the contracts set up by the defendant to ship these animals beyond the line of the International & Great Northern Railway, then the International & Great Northern Railway is not liable for any damages that occurred to plaintiff's horses beyond the line of its road."

The evidence in the record shows that appellee entered into two written contracts of shipment with the Missouri Pacific Railway Company to ship horses from New Braunfels, Texas, to St. Joseph, Missouri. There is a clause in each contract limiting the liability of the carrier to its own line.

The cause of action is based upon the refusal of the railway company to deliver the horses to appellee after they had arrived at St. Joseph, Missouri.

While the evidence is not clear in showing that the horses in controversy were the same covered by the two contracts of shipment with the Missouri Pacific Railway Company, and which were delivered at St. Joseph by that road, still it is sufficient to entitle the appellant to have submitted to the jury the issues raised by the special charge.

The number of horses, the date of shipment, the place where shipped from, the place of destination, and the names of the consignors and consignees as stated in the written contracts of shipment correspond with the evidence of appellee and witness Wheatley.

The witnesses for appellant speak of the horses being delivered at St. Joseph, Missouri, by the Missouri Pacific Railway Company. Such in effect is their testimony on the subject.

Under these facts, it should have been left to the jury to determine whether these horses were covered by the written contracts of shipment with the Missouri Pacific Railway Company, and whether they were carried into St. Joseph, Missouri, by that road.

Such evidence would have a tendency to show that the horses were covered by the contracts of shipment with the Missouri Pacific Railway Company, and that they had passed out of the possession of appellant at the time such delivery was refused appellee, and that at such time they had gone into possession of another carrier.

If this should be the effect of the evidence, the appellant would be entitled to the benefit of the clause in the written contracts exempting the carrier from liability for damages resulting on other than its own lines. Such exemption made by the Missouri Pacific Railway Company in the

written contracts of shipment would result to the benefit of each carrier over whose lines the horses may be transported. McCarn v. Railway, 84 Texas, 352; Railway v. Baird, 75 Texas, 257; Railway v. Adams, 78 Texas, 372.

Judgment reversed and cause remanded.

*Reversed and remanded.*

Delivered October 26, 1892.