## CHICAGO & NORTHWESTERN RAILWAY COMPANY *v.* C. C. WHITNACK PRODUCE COMPANY.

CERTIORARI TO THE SUPREME COURT OF THE STATE OF NEBRASKA.

No. 146. Argued March 3, 1922.—Decided April 10, 1922.

1. When goods moving in interstate commerce upon a through bill of lading are delivered in bad condition and the evidence shows that they were sound when received by the initial carrier but does not affirmatively establish where the loss occurred, there is a common-law presumption, applicable under the Carmack Amend-

ment, against the delivering carrier, that the injury occurred on the delivering carrier's line. P. 371.

2. There is no inconsistency between this rule and the provision of the amendment making the initial carrier also liable. P. 373.

104 Neb. 587, affirmed.

CERTIORARI to a judgment of the Supreme Court of Nebraska affirming a judgment against the present petitioner in an action by the respondent for damages to goods *in transitu.*

*Mr. Wymer Dressler* for petitioner.

There is no common-law presumption, applied in federal courts, that damage to an interstate shipment occurred on the line of the last carrier; on the contrary, federal courts hold that, since the enactment of the Carmack Amendment making the initial carrier liable for the entire transportation, all such presumptions heretofore applied by state courts are superseded, and recovery against a connecting carrier can only be had by affirmatively showing that it caused the damage. *Boston & Maine R. R.* v. *Hooker,* 233 U. S. 97; *Missouri, Kansas & Texas Ry. Co.* v. *Harris,* 234 U. S. 412, 420; *Adams Express Co.* v. *Croninger,* 226 U. S. 491; *Charleston & Western Carolina Ry. Co.* v. *Varnville Furniture Co.,* 237 U. S. 597; *Henderson* v. *Kansas City Southern Ry. Co.,* 147 La. 647.

Liability of a carrier on account of interstate shipments is to be determined by the laws of the United States, the provisions of the bills of lading; and the common law as applied in federal courts. State laws and policies have no application. *New York Central R. R. Co.* v. *Beaham,* 242 U. S. 148; *United Metals Selling Co.* v. *Pryor,* 243 Fed. 91; *Southern Ry. Co.* v. *Prescott,* 240 U. S. 632; *Atchison, Topeka & Santa Fe Ry. Co.* v. *Harold,* 241 U. S. 371.

The Carmack Amendment covered the whole field of interstate commerce, and the remedy afforded is as much in favor of the consignee as of the shipper or anyone else who may be the lawful holder of the bill of lading.

*Mr. Henry H. Wilson,* with whom *Mr. Elmer J. Burkett, Mr. Elmer W. Brown* and *Mr. Ralph P. Wilson* were on the briefs, for respondent.

Mr. Justice McReynolds delivered the opinion of the court.

The respondent Produce Company recovered a judgment against petitioner, the delivering carrier, for damages to two carloads of apples transported during November, 1914, upon through bills of lading over connecting lines from points in New York State to one in Nebraska. The evidence tended to show that the apples were in good condition when received by the initial carrier, but were frozen when delivered at destination. Where the damage occurred was not shown.

Petitioner moved for a directed verdict claiming no recovery could be had against it without affirmative evidence that it caused the damage. Having denied this motion, the court instructed the jury that there was a presumption of damage upon the line of the last carrier, and the Supreme Court of Nebraska approved the charge.

The single question now presented for consideration is whether, since the Carmack Amendment, a presumption arises that the injury occurred on the delivering carrier's line, when goods moving in interstate commerce upon a through bill of lading are delivered in bad condition and the evidence shows they were sound when received by the initial carrier but does not affirmatively establish where the loss occurred.

It is established doctrine that the rights and liabilities in respect of damage to goods moving in interstate com-

9544°—23——27

merce under through bills of lading depend upon acts of Congress, agreements between the parties and common-law principles accepted and enforced in the federal courts. *New York Central & Hudson River R. R. Co.* v. *Beaham,* 242 U. S. 148, 151. While this court has not expressly approved it, we think the common-law rule, supported both by reason and authority, is correctly stated in § 1348, Hutchinson on Carriers, 3d ed.—

" A connecting carrier, who has completed the transportation and delivered the goods to the consignee in a damaged condition or deficient in quantity, will be held liable in an action for the damage or deficiency, without proof that it was occasioned by his fault, unless he can show that he received them in the condition in which he has delivered them. The condition and quantity of the goods when they were delivered to the first of the connecting carriers, being shown, the presumption will arise that they continued in that condition down to the time of their delivery to the carrier completing the transportation and making the delivery to the consignee, and that the injury or loss occurred while they were in his possession."

Some of the pertinent cases are collected in the note below.[1]

---

[1] *Smith* v. *New York Central R. R. Co.,* 43 Barb. (N. Y.) 225; *Cote* v. *N. Y., N. H. & H. R. R. Co.,* 182 Mass. 290; *Laughlin* v. *Chicago & Northwestern Ry. Co.,* 28 Wis. 204; *Phila., Balt. & Wash. R. R. Co.* v. *Diffendal,* 109 Md. 494; *Blumenthal* v. *Central R. R. Co.,* 88 N. J. L. 254; *Pennsylvania R. R. Co.* v. *Naive,* 112 Tenn. 239; *Colbath* v. *Bangor & Aroostook R. R. Co.,* 105 Me. 379; *Willett* v. *Southern Ry. Co.,* 66 S. Car. 477.

The following cases hold that the presumption is not in conflict with the Carmack Amendment: *Erisman* v. *Chicago, B. & Q. R. R. Co.,* 180 Ia. 759; *Glassman* v. *Chicago, R. I. & P. Ry. Co.,* 166 Ia. 255; *Mewborn & Co.* v. *Louisville & Nashville R. R. Co.,* 170 N. Car. 205; *Chicago, R. I. & P. Ry. Co.* v. *Harrington,* 44 Okla. 41; *Eastover Mule Co.* v. *Atlantic Coast Line R. R. Co.,* 99 S. Car. 470.

The petitioner insists that this common-law rule conflicts with the Carmack Amendment to the Interstate Commerce Act, c. 3591, 34 Stat. 584, 595,[1] which requires issuance of a through bill of lading by initial carrier and declares it liable for damage occurring anywhere along the route, as interpreted and applied by this court. But we find no inconsistency between the amendment or any other federal legislation and the challenged rule. Properly understood, *Charleston & Western Carolina Ry. Co.* v. *Varnville Furniture Co.*, 237 U. S. 597, especially relied upon, gives no support to the contrary view.

That cause involved the South Carolina statute which imposed a penalty of $50 upon the carrier for failure to pay within forty days for damages suffered by goods transported in interstate commerce. The opinion expressly states, " The defendant contended that the law imposing the penalty was invalid under the Act to Regulate Commerce, especially § 20, as amended by the Act of June 29, 1906, known as the Carmack Amendment; " refers to the penalty as " The only matter that we are considering; " and points out that " The state law was not contrived in aid of the policy of Congress, but to enforce a state policy differently conceived." As the Supreme Court of South Carolina sustained the act and per-

---

[1] Carmack Amendment. " That any common carrier, railroad, or transportation company receiving property for transportation from a point in one State to a point in another State shall issue a receipt or bill of lading therefor and shall be liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier, railroad, or transportation company to which such property may be delivered or over whose line or lines such property may pass, and no, contract, receipt, rule, or regulation shall exempt such common carrier, railroad, or transportation company from the liability hereby imposed: *Provided,* That nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law."

mitted recovery of the penalty, its judgment was necessarily reversed.

Here there is no question of conflict between a state statute and any federal policy; and nothing in the words of the amendment indicates a legislative purpose to abrogate the accepted common-law doctrine concerning presumption. The suggestion that by imposing additional liability upon the initial carrier the amendment provides an adequate remedy for shippers and thereby removes the necessity for any presumption against the terminal one and impliedly abrogates the rule, is unsound. There are adequate reasons why shippers should have the benefit of both; and we think Congress so intended.

The judgment of the court below is

*Affirmed.*

·MR. JUSTICE CLARKE took no part in the consideration or decision of this cause.