NEW YORK, CHICAGO & ST. LOUIS RAILROAD COMPANY
*v.* WHITE.

[No. 14,903. Filed December 6, 1934.]

*Aikman & Sawyer, W. F. West,* for appellant.
*William H. Beeler, Miller & Causey,* for appellee.

DUDINE, P. J.—Appellee filed suit against appellant to recover damages for the loss, by death, of hogs, allegedly caused by exposure while being transported by appellant upon its lines.

The complaint alleged that the shipment consisted of four hundred thirty-one (431) hogs, loaded on or about January 20, 1930, in two cars; that it was an interstate shipment and appellant was the terminating carrier; that when delivered to the initial carrier the hogs were in good health; that when they were delivered to appellee at the destination point, eight hogs were dead, and a great number were sick; that appellee employed a veterinarian to care for the hogs, but one-

hundred thirty-two (132) died within five days after the delivery.

Appellant filed an answer in general denial. The cause was tried by a jury which rendered a verdict for appellee in the sum of $600.00.

Appellant requested, and the court submitted, two interrogatories to the jury. The interrogatories, and the answers thereto given by the jury were as follows:

1. "Were the pigs in question watered by the New York, Chicago & St. Louis Railroad Company? (Answer) "We find no evidence given to show whether they were watered or not watered by the above company."

2. "Were the pigs in question watered by the St. Louis and San Francisco Railroad Company (initial carrier)? (Answer) "Yes."

Appellant filed a motion for judgment in its favor on the answers to the interrogatories, which motion was overruled.

Judgment having been rendered on the verdict, appellant perfected this appeal, assigning the court's action on said motion for judgment on the answer to the interrogatories, as the sole error relied upon for reversal.

In passing on this question we cannot consider the evidence that was introduced, we must determine the question by a consideration of the complaint, answer, general verdict, interrogatories and answers to the interrogatories. *Jeffersonville Mfg. Co.* v. *Holden* (1913), 180 Ind. 301, 102 N. E. 21.

We must yield to the general verdict all intendments, inferences, and presumptions which might be reasonably drawn from any evidence which would be admissible under the pleadings. (*Consolidated Stone Co.* v. *Summit* [1899], 152 Ind. 297, 53 N. E. 235; *C. C. C. & St. L. Rwy. Co.* v. *Markle* [1918], 187 Ind. 553, 119 N. E. 371.)

The answers to interrogatories must be construed strictly. The answers can not be broadened by inferences. The effect of said interrogatories and answers must be considered to be a determination of two facts and no more, to wit: (1st) That there was no evidence introduced showing whether or not appellant watered the hogs; (2nd) that the initial carrier watered the hogs.

The main question for us to determine is whether those two facts, as disclosed by the answers to the interrogatories, are in irreconcilable conflict with the general verdict.

A complaint against a common carrier for damages to a shipment of freight, which damages occurred while en route, need not allege negligence on the part of the carrier. It is sufficient in that respect to allege that the goods were in good condition when loaded, and in damaged condition when delivered. See Elliott on Railroads, Vol. 4, 2nd Ed., Sec. 1481. *Chicago and Northwestern Rwy Co.* v. *C. C. Whitnack Produce Co.* (1922), 258 U. S. 369, 42 S. Ct. 328, 329, 66 L. Ed. 665, 667.

Appellant contends, however, the complaint is based on negligence, and in support of such contention calls our attention to allegations in the complaint that the damage was caused by carelessness of appellant in watering the hogs. Appellant contends further that the theory of the complaint being carelessness of appellant in watering the hogs, and the jury having said in effect in their answer to an interrogatory, that there was no evidence that appellant watered the hogs, there could be no recovery.

The complaint is susceptible to the construction that it seeks to recover for the failure, on the part of appellant, to perform its agreement as a common carrier to carry and deliver the shipment safely to the point of

destination. The rule requiring us to support a general verdict when it can be reasonably done, requires that we presume that the cause was tried on that theory. We may presume that there was evidence in the record showing that appellant failed to perform its said agreement, in other respects than in respect to watering the hogs, and we may further presume that the jury concluded that appellant failed to perform its said agreement in a matter or matters other than· that of watering the hogs. That being true the answers to the interrogatories are not in irreconcilable conflict with the general verdict.

We hold that the trial court did not err in overruling appellant's motion for judgment on the answers to the interrogatories.

Judgment affirmed.