STRICKLAND TRANSP. CO., Inc. v. JOHNSTON et al.

No. 6139.

Court of Civil Appeals of Texas. Amarillo.

Feb. 26, 1951.

Rehearing Denied March 19, 1951.

718

Currie & Muse, Dallas, and Hazlewood & Richards, Amarillo, for appellant.

S. E. Fish, and Simpson, Clayton & Fullingim, all of Amarillo, for appellees.

MARTIN, Justice.

Appellee, W. D. Johnston, purchased a refrigerator in Albuquerque, New Mexico, and the same was shipped by common carrier through the State of Texas and to Birmingham, Alabama. The carriers participating in the transportation of the refrigerator were: Appellee, Hill Lines, Inc., the initial carrier, Strickland Transportation Co., Inc., the intermediate carrier, and B. & M. Express, the delivering carrier. The refrigerator was damaged in transit in the amount of $450. Appellee, W. D. Johnston, by his amended petition joined appellee, Hill Lines, Inc., and appellant, Strickland Transportation Co., Inc., as defendants in his cause for damage. Hill Lines, Inc., upon being sued by Johnston, had originally joined Strickland Transportation Co., Inc., and asked judgment over against it but upon Strickland filing a plea of privilege had dismissed its action against Strickland. But, upon Johnston joining Strickland Transportation Co., Inc., as a defendant in his amended petition, Hill Lines, Inc., again sought judgment over against Strickland Transportation Co., Inc. Strickland Transportation Co., Inc., filed a plea of res adjudicata to Hill's pleading asking judgment over against it. Upon the filing of this plea, Hill Lines, Inc., by its second amended answer abandoned any effort to secure judgment over against appellant Strickland.

The cause was tried before the court, without the intervention of a jury, and the court granted appellee, W. D. Johnston, a judgment jointly and severally against ap-

pellee, Hill Lines, Inc., and appellant, Strickland Transportation Co., Inc. The court also granted Hill Lines, Inc., a judgment over against Strickland Transportation Co., Inc., for the amount of the damage. Strickland Transportation Co., Inc., perfected an appeal based upon three points of error. Only appellant's points 1 and 2 will be discussed as a ruling of these two points effects a determination of this appeal.

Appellant's point 1 asserts that as there was no evidence to show that the damage occurred on the line of Strickland Transportation Co., Inc., the trial court erred in so finding and in awarding any judgment against the appellant.

Appellants point 1 shows reversible error. As the refrigerator moved in interstate commerce, the rights and liabilities of the parties are determined by the Carmack Amendment to the Interstate Commerce Act, Sec. 20(11), Title 49 U.S.C.A. Panhandle & S. F. Ry. Co. v. Montgomery, Tex.Civ.App., 140 S.W.2d 241; Commodity Credit Corporation v. Norton, 3 Cir., 167 F.2d 161. Liability of the initial carrier, Hill Lines, Inc., is fixed by the provisions of this Act and judgment was properly rendered in favor of Johnston as against said appellee, Hill Lines, Inc. Mexican Light & Power Co. v. Texas Mexican Railway Co., 331 U.S. 731, 67 S.Ct. 1440, 91 L.Ed. 1779. B. & M. Express, the delivering carrier, though not joined in this cause, having delivered the refrigerator in damaged condition is subject to the presumption that the damage occurred on its line. Chicago & Northwestern Railway Co. v. C. C. Whitnack Produce Co., 258 U.S. 369, 42 S.Ct. 328, 66 L.Ed. 665. But, there is no provision of the Carmack Amendment which places liability on the intermediate carrier, Strickland Transportation Co., Inc., the appellant herein. Nor does any presumption arise that the damage occurred on the line of the appellant as intermediate carrier. To support a judgment of liability against appellant, the evidence in the trial court must show that the damage occurred on the line of the appellant, Strickland Transportation Co., Inc. An examination of the statement of facts does not reveal any evidence in support of a finding that any damage to the refrigerator occurred on the line of appellant.

Appellees strenuously assert in their briefs, and cite many authorities, that failure of appellant, Strickland Transportation Co., Inc., to produce a certain waybill, or receipt, raised a presumption against appellant which established that the damage occurred on the line of appellant. This waybill, or receipt, was alleged to have been delivered to the appellant by B. & M. Express and purportedly had endorsed thereon notations damaging to Strickland, the appellant. Appellees sought to bring the issue under the following rule: "Where proof tends to establish a fact and it is within the power and to the interest of the opposing party to disprove it, if false, the silence of the opposing party not only strengthens the probative force of the affirmative proof, but of itself is clothed with a certain probative force." This rule, though recognized at law, has no application here because the record reveals there is no initial proof tending to establish the fact of any loss on Strickland's line and it is further noted that there is no evidence in the record that any such waybill or receipt was delivered Strickland Transportation Co., Inc., by B. & M. Express. Nor is it shown that any timely demand was made on appellant for production of said waybill or receipt. A summary of the application of the rules as to such a presumption arising is aptly expressed in the following quotation cited by appellee, Johnston, "In such cases the inferences are to be taken, in connection with the proof * * *." In the cause here at issue "no proof" is found as an initial element—nor are any of the elements present which might give rise to the presumption on which appellees rely.

Appellant's point 2 asserts that the trial court erred in granting appellee, Hill Lines, Inc., a judgment over against appellant, Strickland Transportation Co., Inc., in the absence of any pleading to support such a judgment. No liability is cast upon the appellant under the provisions of the Carmack Act and no pleadings are found in support of the judgment for Hill Lines,

Inc., as against appellant. An examination of the pleadings reveals that appellee, Hill Lines, Inc., in its second amended answer, upon which it went to trial, abandoned any effort to secure judgment over against Strickland Transportation Co., Inc. It was error to grant appellee, Hill Lines, Inc., a judgment as against Strickland Transportation Co., Inc., appellant, in the absence of any pleadings.

The judgment of the trial court is reversed and judgment is rendered that W. D. Johnston recover his damage as against Hill Lines, Inc., but, that appellees, W. D. Johnston and Hill Lines, Inc., take nothing as against the appellant, Strickland Transportation Co., Inc., and that such appellant be discharged without liability and recover its costs.