# MODERN WHOLESALE FLORIST v. BRANIFF INTERNATIONAL AIRWAYS, INC.

No. A-8252. Decided Oct. 3, 1961
Rehearing denied Nov. 1, 1961
(350 S.W. 2d Series 539)

*Mayfield & Adkins,* Ft. Worth, for Petitioner.

*Touchstone, Bernoys & Johnson, Webber W. Bell, Jr.,* of above firm, Dallas, for Respondent.

MR. JUSTICE NORVELL delivered the opinion of the Court.

As stated by respondent "the actual question to be determined by this Court is whether airlines are subject to the common law presumption that damage to goods while in transit is presumed to have been caused by the terminal carrier."

■ The existence of such common law presumption generally applicable to common carriers is not disputed. In Texas & Pacific Railway Co. v. Adams, 78 Tex. 372, 14 S.W. 666, this Court said:

> "When it is made to appear that freight transported by successive carriers has been damaged subsequent to its shipment, and the evidence fails to show on what particular line the injury occurred, there exists a presumption that it was through the fault of the last carrier."

See also, Chicago & Northwestern Ry. Co. v. Whitnack, 1922, 258 U. S. 369, 42 S. Ct. 328, 66 L. ed. 665; Conn v. Texas & New Orleans Ry. Co., 1929, Tex. Com. App., 14 S.W. 2d 1004, holdings approved by the Supreme Court; Brinthall v. Saratoga & Whitehall R. Co., 1860, 32 Vt. 665; Mitchell v. Carolina Central Ry. Co., 1899, 124 N. C. 236, 32 S. E. 671; Harper Furniture Co. v. Southern Express Co., 1907, 144 N.C. 639, 57 S.E. 458; Dietz v. Southern Pac. Ry. Co., Mo. Ct. App., 1930, 28 S.W. 2d 395; Martin v. E.A. McCabe & Co., Fla., 1959, 113 So. 2d 879; Loo-Mac Freight Lines v. American Type Founders, 1959, 100 Ga. App. 203, 110 S.E. 2d 566; 13 C.J.S. 949, Carriers § 440c (3); Annotation, 53 A.L.R. 1004. It should be noted that the presumption mentioned is a rebuttable one and is in no way dependent upon a statutory enactment.

It is the contention of the respondent that while the presumption recognized by Texas & Pacific Railway Co. v. Adams has application to most common carriers, it can in no way relate to air carriers because of tariff provisions adopted by respondent under the Federal Aviation Program. 49 U.S.C.A., § 1373 (a).

The trial court and the Court of Civil Appeals were in accord with the respondent's position. A summary judgment was

rendered for the carrier which was affirmed by the Court of Civil Appeals. 342 S.W. 2d 225.

These are the facts of the case. Two shipments of flowers were transported from California to Fort Worth, Texas. United Airways, Inc. (not a party hereto) carried the flowers from California to Denver, Colorado, and respondent, Braniff International Airways, Inc., transported the flowers from Denver to Fort Worth. It is undisputed that the flowers were delivered to United in good condition and properly packed. They were received in Fort Worth in poor condition — a 90% loss, and the owner, Modern Wholesale Florist, sued for damages. In response to a request for admissions under Rule 169, Texas Rules of Civil Procedure, the petitioner (plaintiff in the trial court) stated that it did not have within its knowledge sufficient information to ascertain at what time or place the damage to the shipment occurred.

The tariff relied upon by respondent was filed by Braniff with the Civil Aeronautics Board as provided for by the Federal Aviation Program (formerly Civil Aeronautics Act), 49 U.S.C.A., § 1373. It is designated as Airfreight Rules Tariff No. 1A, A.T.B. No. 9, C.A.B. No. 13, and the part here applicable is Rule No. 3.2, Exclusions from Liability, subd. (b) which reads as follows:

> "The carrier shall not be liable for loss, damage, deterioration, destruction, theft, or pilferage, delay, default, misdelivery, non-delivery, or any other result not caused by the actual negligence of itself, its agent, servant or representative, acting within the scope of their authority, or not occurring on its own line or in its own service, or for any act, default, negligence, failure or omission of any other carrier or any other transportation organization."

We may for present purposes assume the validity of the tariff provision above quoted and accept such provision as a part of the contract of carriage between the parties. The question raised is whether or not this tariff provision abrogates or supersedes the common law presumption heretofore set forth.

The respondent basically relies upon Lichen v. Eastern Airlines, 2d Cir. Ct. of App., 189 F. 2d 939. In that case it was held by the Court, with Judge Jerome Frank dissenting, that a tariff rule was valid which provided that the carrier should not

be liable for the loss of jewelry included in a passenger's baggage, but that the same would be carried only at the risk of the passenger. This holding was adopted over the argument that even in the absence of statutory provision (such as the Carmack Amendment of 1906) prohibiting such clauses, they were nevertheless invalid on the policy ground proscribing stipulations exempting the carrier from the results of its own negligence or that of its servants. See dissenting opinion by Frank J citing Hart v. Pennsylvania R. Co., 112 U.S. 331, 5 S. Ct. 151, 28 L. ed. 717.

The Lichten case and those similar thereto, such as Mack v. Eastern Air Lines, Inc., U.S. Dist. Ct., Mass., 87 F. Supp., 113 and Killian v. Frontier Airlines, Dist. Ct., Wyo., 150 F. Supp. 17, do not reach the point which controls the disposition of this case.

In the authorities relied upon by respondents the question involved was whether a tariff provision adopted in accordance with federal statute controlled over a pre-existing common law substantive doctrine of liability. An admitted conflict of rule was involved.

Here the question is whether there is a conflict between the tariff provision and the common law rule of adjective law which relates to the manner and method of proof.

■ ■ We find no conflict. The tariff provision is that the carrier shall not be liable for loss or damage not occurring on its line nor caused by the negligence of its servant. There is no provision which controls the means or methods by which either the place of loss or the cause thereof may be established. Presumptions are not rendered unavailable. We would be loath to say that the presumption did not obtain in the absence of a clear and unequivocal statement to that effect contained in a tariff rule adopted in accordance with statutory authority. Presumptions abound in the law relating to carriers largely because of necessity. We must accept probabilities, unless they can be dispelled, because this is the best that can be done. In this case, the presumption consists of the statement of a probability, and once the probability be shown, there is no injustice in requiring the carrier to dispel it by going forward with the evidence. The fact that petitioner does not know where and how the damage occurred does not foreclose its demand for recovery. It is entitled to rely upon the presumption which is based upon a logical

inference that the damage incurred was the fault of and occurred on the line of the terminal carrier, Texas & Pacific Ry. Co. v. Adams, 78 Tex. 372, 14 S.W. 666; Mitchell v. Stanton, Tex. Civ. App., 139 S.W. 1033, wr. ref., and authorities heretofore cited.

The contention that the trial court erred in refusing petitioner's motion for summary judgment is not efficiently raised in this Court.

The judgments of the trial court and the Court of Civil Appeals are both reversed and this cause remanded to the district court for new trial.

## ON MOTION FOR REHEARING

■ ■ We recognize the established doctrine that the rights and liabilities in respect to damage to goods moving in interstate commerce are controlled by Acts of Congress, agreements between the parties and common law principles accepted and enforced in the federal courts, but we have been cited to no federal case which holds that the common law presumption relating to terminal carriers has been abrogated by the adoption of the Federal Aviation Program, 49 U.S.C.A. § 1373. Such presumption is not a local Texas device but one that has general application throughout most common law jurisdictions. In the federal domain, it has been recognized and approved by the Supreme Court of the United States. In Chicago & Northwestern Ry. Co. v. Whitnack, 258 U.S. 369, 42 S. Ct. 328, 66 L. ed. 665, (cited in the original opinion), it was held that the terminal carrier presumption was not abrogated by the adoption of the Carmack amendment. We may paraphrase the language of that opinion and say that we find nothing in 49 U.S.C.A. § 1373 which indicates a legislative purpose to abrogate the accepted common law doctrine concerning the terminal carrier presumption.

The rationale of the presumption is stated in Hutchinson on Carriers § 1348 which was quoted with approval by the United States Supreme Court in the Whitnack case. It was said that:

"A connecting carrier, who has completed the transportation and delivered the goods to the consignee in a damaged condition or deficient in quantity, will be held liable in an action for the damage or deficiency, without proof that it was occasioned by his fault, unless he can show that he re-

ceived them in the condition in which he has delivered them. The condition and quantity of the goods when they were delivered to the first of the connecting carriers, being shown, the presumption will arise that they continued in that condition down to the time of their delivery to the carrier completing the transportation and making the delivery to the consignee, and that the injury or loss occurred while they were in his possession."

Respondent's motion for rehearing is overruled.