EMERY AIR FREIGHT CORPORATION, Appellant,

v.

Marvin HALL, M.D., Appellee.

No. 8260.

Court of Civil Appeals of Texas, Texarkana.

March 11, 1975.

Rehearing Denied April 8, 1975.

John M. Smith, Smead, Roberts, Harbour, Smith, Harris & French, Longview, for appellant.

Sam B. Hall, Jr., Hall & Huffman, Marshall, for appellee.

———◆———

RAY, Justice.

This is a venue case. Marvin Hall, M. D. (plaintiff) appellee, brought suit against Emery Air Freight Corp. (defendant) appellant, and SMB Stage Lines, Inc., seeking a mony recovery for damages to a laser unit which Dr. Hall purchased from Geisinger Medical Center in Danville, Pennsylvania. Both defendants are nonresidents of Harrison County and each filed a plea of privilege which was overruled. SMB Stage Lines, Inc. has not appealed. Emery Air Freight Corp., appellant, has duly perfected its appeal and submits five points of error for our consideration.

Appellee, Dr. Hall, sought to sustain venue in Harrison County under subdivision 29a of Article 1995, Vernon's Tex. Rev.Civ.Stat.Ann. It was established by appellee that (1) the action was against two or more defendants; (2) that each defendant resided outside the county of suit; (3) venue was proper against at least one of the defendants (SMB Stage Lines, Inc.); but appellee failed to prove that Emery Air Freight Corp. was a "necessary party." Appellee alleged that appellant and SMB Stage Lines, Inc. were joint tort feasors because the laser unit was received by Emery Air Freight Corp. for shipment and was delivered by SMB Stage Lines, Inc. to Dr. Hall in Marshall, Texas. The laser unit was in a damaged condition at the time that it was delivered to appellee. There was no proof of the specific amount of damage done to the unit by either appellant and/or SMB Stage Lines, Inc., or whose negligence caused the damage. There was no evidence that appellant transported the laser unit nor was there any evidence presented that appellant acted as a common carrier.

■ The rule is well settled in Texas that a "necessary party" within the meaning of subdivision 29a of Article 1995, Tex.Rev.Civ.Stat.Ann. authorizing suit to be maintained against necessary parties in a county other than their legal residence, is one whose joinder is necessary in order to afford the plaintiff the full relief to which he is entitled in the suit. Union Bus Lines v. Byrd., 142 Tex. 257, 177 S.W.2d 774 (1944) and Galleria Bank v. Southwest

Properties, Inc., 498 S.W.2d 5 (Tex.Civ. App. Houston 1st Dist. 1973, no writ).

■ The question here is whether or not appellant, Emery Air Freight Corp., is a necessary party to the present suit. To be a necessary party under subdivision 29a, appellant's joinder in the Harrison County suit must be necessary in order to afford Dr. Hall the complete relief to which he is entitled under the facts of the Harrison County case against SMB Stage Lines, Inc. If there were any basis in fact for Dr. Hall to claim joint responsibility of appellant and SMB, then appellant could be retained in the Harrison County suit. Appellee failed to allege joint responsibility, did not present any proof of joint responsibility, and thus failed to carry the burden required of him in order to retain venue in Harrison County as related to appellant. Loop Cold Storage Company v. South Texas Packers, Inc., 491 S.W.2d 106 (Tex. 1973).

■ It is apparent that this case was not fully developed since neither the attorneys nor the trial judge took into consideration the effect of the Federal Aviation Program as it applies to air carriers moving freight in interstate commerce, 49 U.S.C.A. Sec. 1373. Braniff Airways, Inc., v. El Paso Coin Company, Inc., 517 S.W.2d 915 (Tex.Civ.App. El Paso 1974, no writ). Emery Air Freight Corp. was inexorably involved because as appellant states in its brief, "Emery Air Freight only received the same [the laser unit] for shipment, on January 24, 1973" and that Emery Air Freight "did deliver to SMB Stage Lines, Inc. the laser unit for shipment to the Appellee Dr. Marvin Hall." Since this case was not fully developed in the trial court, it is the duty of this court to reverse and remand the cause for a new trial in the District Court of Harrison County. Rule 434, Texas Rules of Civil Procedure; Jackson v. Hall, 147 Tex. 245, 214 S.W.2d 458 (Tex.1948).

Reversed and remanded.