**FIRST CITY NATIONAL BANK OF HOUSTON, Trustee, et al., Appellants,**

v.

**G. P. HARDY, Jr., et al., Appellees.**

No. 1886.

Court of Civil Appeals of Texas, Corpus Christi.

June 25, 1981.

Rehearing Denied Sept. 10, 1981.

Jesse R. Pierce, Porter & Clements, Houston, for appellants.

Charles L. Black Aycock, Holland, Abernathy, Tindall & Aycock, Houston, for appellees.

## OPINION ON MOTION FOR REHEARING

NYE, Chief Justice.

On April 30, 1981, this Court handed down an opinion in the above styled cause, reversing and rendering the order denying the pleas of privilege of First City National Bank of Houston, Texas, Trustee, Barth Energy Corporation, John S. Maxon, Trustee, and R. A. Venable, Trustee. A hearing on appellees' motion for rehearing was held on June 11, 1981. The original opinion in this case is withdrawn and this opinion is substituted.

In this venue case, plaintiffs G. P. Hardy, Jr., et al., brought suit in Matagorda County against defendants to recover additional royalties allegedly due under oil and gas leases on land located in Matagorda County, Texas. The following named defendants, Getty Oil Company; Amoco Production Company; First City National Bank of Houston, Trustee; R. A. Venable, Trustee; John S. Maxon, Trustee; and Barth Energy Corporation, filed pleas of privilege to be sued in the county of their respective residences. The trial court overruled all of the defendants' pleas of privilege. Getty Oil Company and Amoco Production Company did not appeal. The other defendants, who have appealed, will be referred to as appealing defendants, and the non-appealing defendants will be referred to as Getty and Amoco.

The appealing defendants bring forth six points of error. However, all parties agree that since venue is proper in Matagorda County as to Getty and Amoco, the only question on appeal is whether these appealing defendants are necessary parties to the suit in Matagorda County under Subdivision 29a of Art. 1995 (1955). This subdivision (29a) provides:

"... whenever there are two or more defendants in any suit brought in any county in this State and such suit is lawfully maintainable therein under the provisions of Article 1995 as to any of such defendants, then such suit may be maintained in such county against any and all necessary parties thereto."

A "necessary party" as used in Subdivision 29a is a party whose joinder is necessary in order to afford the plaintiff the complete relief to which it is entitled under the facts of the suit in the county in question. *Loop Cold Storage Company v. South Texas Packers, Inc.*, 491 S.W.2d 106 (Tex.1973); *Friday v. Grant Plaza Huntsville Associates*, 610 S.W.2d 747 (Tex.1980); *Dina Pak Corporation v. May Aluminum, Inc.*, 417 S.W.2d 419 (Tex.Civ.App.—Corpus Christi 1967, no writ). Applying this definition to the facts in this case, the appealing defendants would be necessary parties only if plaintiffs could show that they could not obtain complete relief in their Matagorda County suit without their joinder.

After thoroughly reviewing the entire record on appeal and after holding an additional hearing and oral argument on the issues before this Court, we are unable to resolve this question of venue from the record that is before us. A full evidentiary development of the correlative rights of the parties to the lease is required before an accurate resolution of the legal issue of venue can be made. The record does not disclose with any degree of clarity the manner in which the defendants are liable; i. e., whether the defendants are liable on a proportionate basis; whether defendants are all liable as working interest owners; or whether Getty and Amoco are solely liable as operators of a gas processing plant and the remaining defendants are liable as working interest owners.

Accordingly, we hold that the evidence, as now developed, does not lend itself to a determination of whether full and complete relief may be had against Getty and Amoco without the joinder of the appealing defendants. If complete relief cannot be had without the joinder of all defendants, it is not only logical but proper to try the entire case in Matagorda County, rather than piecemeal in other areas over the State.

It is well settled that appeals regarding interlocutory orders sustaining or overruling pleas of privilege are governed by the same rules that govern appeals in civil cases generally. Accordingly, in cases where it appears that the facts have not been fully developed, the judgment of the appellate court should be one of remand. It is apparent to us that this case has not been fully developed. Accordingly, it is our duty to reverse and remand the cause for a new trial in the district court of Matagorda County. Rule 434, T.R.C.P.: *Jackson v. Hall*, 147 Tex. 245, 214 S.W.2d 458 (1948); *Emery Air Freight Corporation v. Hall*, 520 S.W.2d 956 (Tex.Civ.App.—Texarkana 1975).

Appellees' motion for rehearing is granted in part and the judgment of the trial court is reversed and the cause remanded for new trial.

BISSETT, J., not participating.